Good morning, your honors. May it please the court. My name is Sarah Boyle. If you feel comfortable, you may take your mask off. Good morning, your honors. May it please the court. My name is Sarah Boyle. I am with Gonzaga's Federal Tax Law Clinic. I am accompanied by Christopher S. Crago on behalf of petitioner appellant, Ms. Debra Blum. This case centers around fairness, equity, and an injured plaintiff's entitlement to be made whole through non-taxable compensatory damages, the very rationale which underlies the purpose of IRC section 104A2. Your honors, we respectfully request that this court reverse the tax court's decision and hold that the $125,000 settlement payment received by Ms. We respectfully request this of the court for three main reasons. First, the express terms contained within the four corners of the settlement agreement between Ms. Blum and her former attorneys unambiguously established the required direct causal link between the damages received by Ms. Blum and her personal physical injuries suffered. Second, the commissioner's analysis, and more importantly, the tax court's decision, fails to adequately consider the intent of the payers set forth within the settlement agreement to compensate Ms. Blum for her personal physical injuries suffered. Ms. Boyle, is it an all or nothing proposition? In other words, the entire amount is on account of physical injuries? Or can it be apportioned in some way? And if it can be apportioned, then how do we figure that out? Your honor, in this case, I do believe it is the entire $125,000 that is paid on account of personal physical injuries because within the settlement agreement, it specifically states that the agreement was entered into with reference to her personal physical injuries and that the $125,000 was paid in consideration of her personal physical injuries suffered. And the legal malpractice claim did not change the nature of the underlying damages being sought to serve the purpose. Had she gone to trial, for example, and prevailed, could the jury have awarded her damages for emotional distress? Your honor, they probably could have. However, that is speculation. And it is also speculative to say that she could have received a lot more than the $125,000. However, here, the express terms contained within the agreement specifically state that the $125,000 in which she did receive was paid in consideration of those personal physical damages or those personal physical injuries. Doesn't it expressly say that Blum did not sustain any physical injuries as a result of the alleged negligence of either Kozlowski or Silski? Yes, your honor. The agreement does specifically say that. However, it's not in dispute that her attorneys did not cause the personal physical damages suffered. For the negligence of the hospital was the cause of the damages. However, in Rivera, there is a direct causal link requirement between the damages and the personal physical injuries. And nowhere within the Rivera analysis does it state that the payors also have to be the cause of the relevant physical injuries suffered. Suppose when she reached the settlement with the lawyers, they didn't have any cash. And so they said, we don't have any cash, but we do have this stock. We have $125,000 worth of stock that we're going to give you. And so she takes that. But it turns out the directors of the company that issued the stock have been lying. The stock is worthless. So she brings a securities fraud action against the directors and she recovers $125,000. Which is the value of the stock, which is the value of the legal malpractice claim, which was the value of the physical injury. Would you say that the judgment in the securities fraud action is excludable from income under Section 104A2? Your honors, in that particular situation, I do believe that that would recharacterize the damages to be sought for that particular reason. Whereas here, the nature of the damages are not being recharacterized. The underlying damages are still being sought to compensate her for her personal physical injuries suffered. Well, but I mean, I guess I'm not sure how you think the causation works. Because in my hypothetical, like you can sort of trace it all back. And the only reason she ended up with this $125,000 is because of the physical injury. And I mean, so why is that not good enough? But it is good enough in your case. Well, your honor, I do believe in this particular situation, the emergence of the legal malpractice claim. At the end of the day, she still suffered her physical injuries. And the negligence of the third party is the only thing that changed to make her damages that she received taxable. And so in this particular situation, Ms. Blum's attorneys were merely standing in the shoes of the hospital to pay those non-taxable compensatory damages. Solely because the tax court's decision and the commissioner's position, which assert now that taxation is appropriate merely because the identity of the payer has changed, runs contrary to the underlying rationale of Section 104A2. Question, doesn't that require us to speculate that she would have prevailed in the medical malpractice suit? We don't know what would have happened. So we don't know if she would have received any damages. Your honor, that is true. However, in C v. Commissioner, it says that the nature of the claim is what controls for tax purposes, not the validity of the underlying claim. Thus, while that would be speculation, the validity of that claim does not matter for tax purposes, just the nature of the claim, which is her personal physical injuries and her entitlement to be made whole for those personal physical injuries. And so why would we characterize the nature of the claim as medical versus legal malpractice? Because the emergence of the legal malpractice claim did not change the nature of those damages. And the settlement agreement itself specifically states that the payment was in consideration of her personal physical damages. Thus, it does not state that the $125,000 payment was merely because of the legal malpractice. And it further does state that or thus like the express language contained within the agreement does not limit the damages to mere legal malpractice. And the drafters of the agreement could have left out the facts detailing Ms. Blum's personal physical injuries. And they could have limited the facts contained within the four corners of the agreement to just the mere legal malpractice claim. However, they did not do so. And this language contained within the four corners of the settlement agreement was ignored by the tax court within their decision. Counsel, let me ask you this. Did she submit any evidence below as to the amount of medical bills that she sustained? Was there any dollar amount presented to the tax court? There was not, Your Honor. She did say that the damages were to be determined at trial. And then due to her attorney's legal malpractice, the case did not make it to trial. And that ties back into the point which C v. Commissioner reiterates is that the validity of the underlying claim is not what controls her tax purposes, for it is the nature of the underlying claim, which here remains on account of her personal physical injuries suffered. She could have gone to trial before the tax court and presented medical evidence, right? She did, Your Honor. She did present evidence detailing. She did have an expert test or her physician, which saw her for her damages. She did have evidence from him where he said that in his professional opinion, it was more likely than not that the hospital caused her physical injuries. However, she did not put forth any dollar amount to those physical injuries suffered. Did you want to save a little bit of time? Yes, Your Honor. All right. Thank you. Thank you. May it please the Court, Robert Willey on behalf of the Commissioner. The tax court's decision that the settlement amount is not excludable from income should be affirmed for three reasons. First, the expressed language of the malpractice settlement agreement provides that the settlement amount does not compensate the taxpayer for physical injuries. As the tax court stated, it need look no further than this language to resolve the case. Second, even if the language of the settlement agreement is somehow ambiguous, the tax court's factual finding that the taxpayer's attorneys did not intend to compensate her for physical injuries was not clearly erroneous. What was the compensation for then? It's a legal malpractice claim, and the only damage at issue is the amount that she likely would have won, but for counsel's professional negligence, right? Would they have settled the case for $125,000 if she didn't have a viable underlying lawsuit? Well, I think part of the answer is we're not sure because I don't know that there's much in the record that talks about what the $125,000 represents. It could very well represent the amount of money that her taxpayers, former attorneys, thought it was going to take to litigate the case, or perhaps more accurately, their insurance company might have made an estimate of just simply what it would take to buy peace in the litigation. So there is a general relationship, of course, between the damages in a malpractice action and the damages in the underlying action, but I think for purposes of this analysis, where the court should go first under the case law is the language of the settlement agreement. And contrary to my friend on the other side's claims, the language here specifically negates the link between the damages and the personal injuries. I mean, just to be clear, it's your view that even if they had written this is a replacement for the compensation for the personal injuries that she would have gotten in the medical malpractice action, you don't think that would be enough, even if they had said that, do you? Well, I think that would be a closer case, and I think that the taxpayer would have a better shot of meeting her burden in that case. I think if that was my next case, I'd likely still be arguing, yes, that the nature of the action is different and that simply the nature of the action being different is enough to break the link in the chain, so to speak, Your Honor, the causal chain. But I don't think that the court has to get that far here or to make a determination about what specifically is the difference between a malpractice action and the underlying action. The court can look to the explicit terms of the settlement agreement. And if I can address the – Do you know, has the IRS ever allowed a legal malpractice claim to be exempt based off of the physical injury exception? I'm not aware of the IRS ever allowing that. I'm also not aware of any other case law addressing this issue. I mean, this appears to be a case of first impression in this or any other circuit. But, yeah, I'm not aware of any specific allowances like that. Do you know whether the IRS has the practice of going after legal malpractice awards arising out of underlying lawsuits that involve physical injury? Well, I'm not aware of specific practices, Your Honor. I just don't have enough context. When does the IRS usually reach out to these sort of awards or settlements in the malpractice context? In this case, I believe the IRS got a third-party information report that reported the $125,000 payment to the IRS. The insurance company reported that it made this payment. And so the IRS opened an examination based on receiving that information. Is that a 1099 from the? I believe it was a 1099, maybe 1099-something. So I'm not familiar with any specific practice or program that's looking at these settlements. I mean, in this case, it was based on specific information reporting that then the IRS, where they see a mismatch between information that's reported by a third party and information that's reported by a taxpayer, they'll open an examination, and that's what they did here, and they made a determination that the legal issue here compels the taxpayer to include it in income. Can I ask this? The government doesn't want us to rule that a legal malpractice claim can never meet this exemption, right? You just want us to rule based off of the facts of this case? We're not urging you yet to articulate that type of broad legal principle in an opinion. We're saying that you can look at the facts of this case and this Court's well-established case law in Rivera and simply apply that to, first, the language of the settlement agreement so that we think as a matter of law you can look at the language of the settlement agreement, apply Rivera, and say that the language controls and does not say that the damages were on account of personal physical injuries, or if you're not convinced of that, you still then go to the second step of Rivera, which is to ask the question, as a matter of fact, what was the intent of the payers? And on that issue, we think in the first instance you're reviewing that under a clear error standard. Even though there was a stipulated record here, factual inferences from a stipulated record are still reviewed for clear error. I think if you apply the second step of Rivera, you still come to the conclusion that her attorneys did not intend to compensate her for physical injuries. The specific language in Rivera, for example, that the Court looked at was that the defendant was going to pay the plaintiff $40,000 less all required withholdings. And the Court inferred from that language that the defendant intended that amount to represent back wages instead of compensation for personal injuries. So I think the language that we have in the settlement agreement in this case is even stronger than that language from Rivera. So I think if the Court applies Rivera at the first or the second step, the decision comes out in our favor. If she had exercised her right to a trial before the tax court in this case and presented undisputed evidence of her physical injuries, medical bills, and the like, do you think that would be a different case, or do you think the language of the settlement agreement still controls? I think likely we'd be here arguing the language of the settlement agreement still controls because that's what Rivera says. However, that would be a different case in which, again, she'd have a better shot at proving the linkage between the $125,000. So Your Honor asked about medical bills. For example, there are no medical bills in the record that say it was, yes, $125,000 that she spent. If there were a trial here instead of a stipulated record, we perhaps could be in a different territory where the taxpayers marshaled more evidence for meeting a burden. I think we would still be arguing that this language specifically addresses the issue and that you don't need to look further than that language, as the tax court said. And I want to address the point about fairness here, and there's been some suggestion that we're urging an unfair result, and I don't think there is any particular unfairness here because the taxpayer was free to bargain for the language that she wanted to include in the settlement agreement. And she was represented by counsel in the malpractice action. And she apparently chose to prioritize certain language, and the apparent reason for that was to avoid Medicare seeking reimbursement of the entire amount, potentially the entire amount. And so she chose to prioritize certain language, and we think that she has to deal with Medicare the same way that she has to deal with the IRS. And with my remaining time, I did want to address one point that came up in the argument about, you know, could she have sought emotional distress damages in the malpractice action? The answer to that is yes. Schmidt v. Coogan, one of the cases cited in the reply brief, does say you can seek emotional distress damages in a malpractice action, which would not be available in the underlying action. So I think that Your Honor raised a good point, that there are distinctions between the potential recovery in a malpractice action and the recovery in the underlying action. There's no one-to-one equivalence. I see my time has expired. Thank you, Your Honor. Thank you, counsel. We can put a minute on the clock. Thank you, Your Honors. To further address Commissioner's argument stating that the express terms contained within the settlement agreement controls, that is true. I completely agree with that. However, the language in which the Commissioner and the tax court really hinged their argument on is a fact that is not in dispute. And further, the well-established analysis in Rivera does not require that the payers be the ones to cause the relevant personal physical injuries. Additionally, addressing fairness, it runs contrary to the underlying rationale of Section 104A2 to hold that merely because the identity of the payer has changed, the damages no longer serve the purpose of compensating Ms. Blum for her personal physical injuries. But, counsel, I mean, it does seem that the language about it not being a medical injury case was to avoid getting a reimbursement from Medicare, right? So it seems like your client is trying to have it both ways, avoid it from Medicare, and now you're trying to argue avoid it from the IRS. Yes, Your Honor. However, I do not believe that medical costs are included under Section 104A2. Section 104A2 just states that gross income does not include the amount of any damages other than punitive damages received on account of personal physical injuries or physical sickness. So medical bills or costs of that sort do not play into the analysis of exclusion under Section 104A2. Thank you, Your Honors. All right. Thank you very much, and thank you, Mr. Craig-Oswell, for serving as the supervising attorney for this case. The matter is submitted.
judges: NGUYEN, MILLER, BUMATAY